IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACQUELYN CHIAO, *et al.*
   *Plaintiffs,*

v.

UNITED AIRLINES, INC.,
   *Defendant.*

Civil No. ELH-25-687

**MEMORANDUM AND ORDER**

On March 5, 2025, plaintiffs Jacquelyn Chiao, Christine Kim, Adriana Parvanova, and Danielle Simmons filed suit against United Airlines, Inc. ("United"), alleging race discrimination, in violation of 42 U.S.C. § 1981. ECF 6 ("Complaint"). On April 30, 2025, United moved to dismiss the Complaint as to plaintiffs Chiao, Parvanova, and Simmons, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 17; ECF 17-1.

Plaintiffs failed to respond to the motion in the time required by Local Rule 105.2(a). As a courtesy, and consistent with this Court's custom, I wrote to plaintiffs' counsel and requested a response. ECF 22. Specifically, by Order of May 20, 2025, I asked plaintiffs to respond to the motion and extended the response deadline to June 4, 2025. *Id*.

On June 3, 2025, plaintiffs filed "Plaintiff's [sic] Response to Defendant United Airlines, Inc.'s (United) Partial Motion to Dismiss." ECF 23. They sought leave to amend the suit to clarify their allegations. *Id*. At that point, the case had only been pending for about three months.

By Order of the same date, June 3, 2025, I granted plaintiffs' request for leave to amend the Complaint. ECF 24. In my Order, I explained that an amended complaint supersedes a complaint. *See*, *e.g.*, *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). And, the motion to dismiss was directed to the original Complaint. Accordingly, I denied, as moot, and without

prejudice, the defendant's motion to dismiss. ECF 24 at 1. However, mindful of the promptness of the ruling, and that the defense did not have an opportunity to respond, I granted United an opportunity to move to rescind the Order as improvidently granted, due by June 17, 2025. *Id.*

A motion to rescind followed. *See* ECF 32, ECF 32-1 (the "Motion"). Plaintiffs have not yet filed an opposition, but their time to do so has not expired. No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.

Plaintiffs filed a First Amended Complaint on June 12, 2025. ECF 25. On June 17, 2025, United moved "to reconsider and to rescind such Order allowing Plaintiffs to amend the Complaint." ECF 32 at 1.

Defendant acknowledges that "Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure allows a plaintiff to amend its pleading once as a matter of course no later than 21 days after service of a motion under Rule 12(b)." ECF 32-1 at 2. However, United points out that plaintiffs' request to amend was filed 34 days after United filed its partial motion to dismiss—*i.e.*, 13 days late. *Id.* Therefore, United insists that plaintiffs "cannot amend as a matter of course pursuant to Rule 15(a)(1)." *Id.* at 3.

Yet, defendant also recognizes that plaintiffs "may amend their Complaint with leave of Court," which plaintiffs sought. *Id.* And, defendant concedes that "leave to amend a pleading should be freely granted." *Id.* Nevertheless, defendant contends that "amendment should be denied if it is prejudicial to the opposing party or amendment would be futile." *Id.* And, United argues that both prejudice and futility apply here. *Id.* at 4.[1]

---

[1] Defendant does not allege bad faith.

According to defendant, plaintiffs violated Local Rule 103.6(a)[2] by failing to include "an original copy of the proposed amended pleading with the motion." *Id*. at 3. Therefore, defendant contends that plaintiffs "failed to provide information to allow the Court and United to determine whether the proposed amendment would cure the defects in the initial Complaint." *Id.* at 4.

United also maintains that it is "further prejudiced by Plaintiffs' noncompliance of the briefing schedule and procedures set forth by the Local Rules and by the Court because such procedural noncompliance interferes with a defendant's ability to respond, to object, and to defend Plaintiffs' day-to-day actions in court." *Id*. And, United argues that "any amendment would be futile based on the voluntary nature of Plaintiffs' Chiao's, Paranova's, and Simmons' decision not to board," which it claims is a "nondiscriminatory reason that had nothing to do with their race." *Id.* at 1, 2.

## II.

Fed. R. Civ. P. 15(a)(2) provides: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15 is a "liberal rule" that "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022); *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964)). The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

---

[2] Local Rule 103.6(a) states: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion. If the motion is granted, an additional copy of the amended pleading need not be filed. The amended pleading shall be deemed to have been served, for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date that the Court grants leave for its filing."

moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (stating that leave to amend may be denied where the proposed amendment "would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile"); *see also Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012); *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va.*, 985 F.2d 164, 168 (4th Cir. 1993).

A district court "'may deny leave if amending the [pleading] would be futile—that is, if the proposed amended [pleading] fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)) (alterations added). "'Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.'" *Davison*, 912 F.3d at 690 (quoting *Katyle*, 637 F.3d at 471). Put another way, an amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Oroweat*, 785 F.2d at 510. Therefore, a "proposed amendment [is] futile if the new claim would not . . . survive[] a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Davison*, 912 F.3d at 690 (alterations added).

Notably, however, "it does not follow that every plaintiff seeking leave to amend [a] claim[] must demonstrate that [the] claim[] can withstand a Rule 12(b)(6) motion." *Bioiberica Nebraska, Inc. v. Nutramax Manufacturing, Inc.*, SAG-18-CV-3133, 2019 WL 5102674, at *3 (D. Md. Oct. 10, 2019). Indeed, "[s]uch a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its face.'" *Id*. (quoting

*Oroweat*, 785 F.2d at 510) (emphasis in *Bioiberica*); *see also Aura Light US Inc. v. LTF Int'l LLC*, GLR-15- 3198, GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Under Rule 15(a)(2), "prejudice means that the party opposing the amendment would be hindered in the preparation of its case, or would have been prevented from taking some measure in support of its position." 61A AM. JUR. 2d, Pleading § 723. Courts may find undue prejudice sufficient to justify denying leave to amend if a new claim or defense would force the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial"; it would "significantly delay the resolution of the dispute"; or it would "prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.*; *see also Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009) (concluding that amendment "may prejudice the non-moving party when the motion would shift the theory of the case, thereby rendering the non-moving party's prior discovery a misdirected use of resources and compelling the non-moving party to engage in costly additional discovery").

Of relevance, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980)). Moreover, "the time, effort, and money . . . expended in litigating [a] case" do not constitute "substantial prejudice." *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, 4:05-CV-0033, 2006 WL 1289545, at *3 (M.D. Pa. May 9, 2006); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (concluding that the time, effort, and money expended by the plaintiffs in litigating the case did not amount to substantial prejudice).

To be sure, "a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a)." *Krupski v. Costa Crociere, S.p.A.*, 560 U.S.

538, 553 (2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *see also Davis*, 615 F.2d at 613 ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."); *MedCom*, 42 F.4th at 197. "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards*, 178 F.3d at 242. And, "[p]rejudice is the weightiest factor, the absence thereof, 'though not alone determinative, will normally warrant granting leave to amend.'" *Oliver v. Dep't of Public Safety and Correctional Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018) (Blake, J.) (quoting *Davis*, 615 F.2d at 613); *see V.E. v. Univ. of Md. Balt. Cty.*, JRR-22-02338, 2023 WL 5153650, at *2 (D. Md. Aug. 10, 2023), *aff'd*, 2024 WL 4563857 (4th Cir. Oct. 24, 2024).

### III.

Plaintiffs could have amended the suit, without leave of Court, if they had done so by May 21, 2025. Instead, on June 3, 2025, they sought leave of Court. No scheduling order has been entered and discovery has not begun. Defendant's argument that, at the early stages of this case, it was prejudiced by plaintiffs' delay of less than two weeks, is completely specious.

United cites *Francis v. Diacomelli*, 588 F.3d 186, 197 (4th Cir. 2009), to support its argument that plaintiffs' failure to include a copy of the amended complaint with their request for leave to amend the Complaint, an alleged violation of Local Rule 103.6(a), is prejudicial. In *Francis*, in plaintiffs' opposition to the defendants' motion to dismiss, they included the following statement: "In the event that this Honorable Court decides to grant all or part of the Motion, Plaintiffs respectfully request leave to amend or to file an amended complaint." 588 F.3d at 197 (citation omitted). The District Court denied the plaintiffs' request for leave. *Id*. The Fourth

Circuit concluded that "failing to give the plaintiffs a blank authorization to 'do over' their complaint" was not an abuse of discretion. *Id*. But, the Fourth Circuit did not state that this was the only permitted outcome.

And, defendant's argument that it is prejudiced because it did not have an opportunity to preview the Amended Complaint in order to "meaningfully evaluate and respond to Plaintiffs' request for leave to amend" also rings hollow. Plaintiffs filed the First Amended Complaint five days before defendant filed its Motion. Yet, defendant does not engage with the First Amended Complaint in its Motion. It simply states, ECF 32-1 at 4: "Nonetheless, having just received Plaintiffs' First Amended Complaint, United will respond by June 26, 2025, as required by Rule 15 of the Federal Rules of Civil Procedure."

As for futility, United provides conclusory statements that "any amendment of the Complaint would be futile as any claimed injuries by Plaintiffs Chiao, Parvanova, and Simmons were caused by their own choice." ECF 32-1 at 4. But, this argument is not sufficient to suggest that any amendment to the Complaint would be "clearly insufficient or frivolous on its face." *Oroweat*, 785 F.2d at 510. As noted, defendant does not address plaintiffs' amendments to the Complaint.

For the foregoing reasons, I conclude that United has not sufficiently established that plaintiffs' amendment of the complaint is prejudicial or futile.

**IV.**

It is hardly unusual for a plaintiff to move to amend at the outset of the litigation. Prejudice and bad faith are not implicated here. In the absence of futility, which also is not apparent, Rule 15(a)(2) warranted at least one amendment of the suit.

7

United's Motion, asking the Court to rescind its Order and deny leave to amend, is rooted primarily in plaintiffs' failure to adhere to important deadlines. Such violations are overlooked by the Court, on occasion, and as a courtesy, generally at the outset of a case, when the opposing side cannot seriously claim prejudice. That said, plaintiffs' counsel is advised that the rules serve a vital purpose and must be followed. Indeed, "[i]n an era of burgeoning case loads and [crowded] dockets, effective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) (alteration added).

Nevertheless, defense counsel could have been more accommodating. Not every technical rule violation has to be litigated.

Judge R. David Proctor, Chief Judge of the U.S. District Court for the Northern District of Alabama, recently provided wise words of advice in an order for a case pending before his court. He said: "The Golden Rule—do unto others as you would have them do unto you—is not just a good rule of thumb for everyday life. It is a critical component of legal professionalism." *McCullers v. Koch Foods of Alabama, LLC*, No. 1:24-CV-01496-RDP, 2024 WL 4907226, at *1 (N.D. Ala. Nov. 26, 2024). Judge Proctor added, *id.*: "Everyone encounters unexpected delays, and extending professional courtesy really costs nothing. But, fostering goodwill by agreeing to short extensions could benefit counsel later in this case—or in future dealings with opposing counsel. The court's job is to address the merits of the case, not to navigate a world of technicalities." Here, it is United that has unnecessarily burdened the limited resources of the Court.

Therefore, it is this 23rd day of June 2025, by the United States District Court for the District of Maryland, **ORDERED:**

8

1) Defendant's motion to reconsider and rescind the Order allowing plaintiffs to amend the Complaint (ECF 32) is **DENIED**.

2) Defendant shall respond to the First Amended Complaint by **June 26, 2025**.

>              /s/
> Ellen Lipton Hollander
> United States District Judge